THE PEOPLE *v.* APONTE ET AL.

APPEAL from the District Court of Guayama.

No. 27.—Decided November 11, 1905.

CRIMINAL LAW—APPEAL—TRANSCRIPT OF RECORD—EVIDENCE INTRODUCED AT THE TRIAL.—In a case where the appellant fails to include in the transcript of the record on appeal the evidence taken at the trial, without giving any reason for such omission, such evidence will not be ordered attached to the record to correct the defect.

INFORMATION—SUFFICIENCY OF SAME.—Where an information contains all the requirements provided for by section 82 of the Code of Criminal Procedure, the court must hold the same to be valid and sufficient, it not being necessary to indicate therein the article of the code which defines and punishes the crime with which the defendant is charged, because this is a matter of judicial knowledge.

ID.—OBJECTION TO INFORMATION—APPEAL.—Where the accused fails to raise an objection to the information in due time and goes to trial without presenting his objections for the consideration of the court, he will be deemed to have waived his right so to do, and he cannot afterwards present the same for the first time on appeal.

ID.—POWERS OF ATTORNEY GENERAL OF PORTO RICO—APPOINTMENT OF SPECIAL FISCALS.—The Attorney General of Porto Rico not only has the same powers as district attorneys in regard to criminal cases instituted in the different districts, but he has the further power to delegate such authority and designate special *fiscals* to represent him in specific cases, and the provisions of

section 82 of the Code of Criminal Procedure does not deprive him of such authority.

ID.—OBJECTIONS TO INFORMATION—APPEAL.—An information is no less defective because signed and sworn to by a person who has no authority so to do than because it is signed and sworn to by the *fiscal* of the district, and therefore in either case the accused must ask the district court to dismiss the same; and, if he should fail to do so at that time, he cannot subsequently move for a dismissal on appeal; nor does this constitute a fundamental error which will serve as a basis for an appeal.

The facts are stated in the opinion.

Mr. Rossy, *fiscal,* for respondent.

Appellant did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from the District Court of Guayama. The accused were found guilty of a crime against the elective franchise. None of the evidence taken on the trial came up with the record, but before the hearing in this court the attorney for the appellants asked leave to file a copy of the testimony taken at the trial. The court denied the application. The appellants ask us to reconsider our order of denial, but give us no excuse for the original default; hence the court sees no reason to grant the motion for reconsideration. The right of the court to supplement the record in this fashion is more than doubtful. Therefore we cannot consider any errors which arise out of the actions of the court with respect to the evidence.

The appellants complain mainly of alleged defects in the information, and contend, although it does not appear that the question was raised in the court below, that the errors complained of are fundamental, and that this court has a right to consider them by virtue of the several acts of the Legislature defining appellate jurisdiction in criminal matters. One of these alleged errors is that the information does not point out what section or part of the election law the defendants have violated; but we fail to see that any one of the requirements of section 82 of the Code of Criminal Procedure has been omitted. Without such omission the law requires the court to pronounce the information sufficient.

The offense was clearly charged. The defendants were notified of the specific case of their faults which constituted a violation. It is not necessary in such a case to refer them to the exact section. This is a matter of public knowledge and judicial notice, and section 84 of the Code of Criminal Procedure would seem to apply. Moreover as they went to trial without raising the question, they must be held to have waived such an informal defect. It cannot be raised for the first time on appeal.

As the principal ground of errors in this appeal, the distinguished counsel for the appellants maintained that the information was bad because it was signed E. B. Wilcox "*fiscal especial*" and not by the *fiscal* of the district in which the prosecution was pending. Counsel for the appellants contended that the *fiscal* of the district was by virtue of sections 95 and 106 of the Code of Criminal Procedure, the only person who had a right to file an information. Now section 64 of the Political Code directs the Attorney General to represent The People of Porto Rico in all proceedings, civil and criminal, to which it is a party. It also provides that public prosecutions for crimes, except as provided in section 74, shall be conducted by the *fiscal* of the proper court without special authority from the Attorney General; and that in all such cases the Attorney General may intervene in the public interest. Thus it clearly appears that the Attorney General has power to intervene in any prosecution.

Section 4 of the Code of Criminal Procedure provides that:

"The proceedings by which a party charged with a public offence is accused and brought to trial and punishment is known as a 'criminal action.'"

Section 5 of the Code of Criminal Procedure provides:

"A criminal action is prosecuted in the name of 'The People of Porto Rico,' as a party against the person charged with the offense."

From the last cited sections it becomes apparent that any step taken against a person charged with a crime is a part of the prosecution, and that the information filed in this case is a part of the prosecution or criminal action against the defendants.

Section 74 of the Political Code provides, among other things, that:

" * * * In case of official misconduct on the part of any other officer or employe of the Insular Government, he (the Attorney General) shall file an information before the proper tribunal and prosecute the same. He shall direct the prosecution of such cases either in person or through the Assistant Attorney General, or in case of necessity may appoint special counsel."

It becomes evident that the Attorney General not only has the same powers as the *fiscal* of any district, but that he may delegate that power to any special agent, for he alone is the judge of the necessity for appointing special counsel.

It is true that section 82 of the Code of Criminal Procedure says, among other things, that:

"The information is sufficient, if it can be understood therefrom that it was subscribed and presented to the court by the prosecuting attorney of the district in which the court is held."

But this is merely stating one of the cases in which the information shall be held to be sufficient, and does not exclude the Attorney General, or his duly authorized agent, from taking the same action. It cannot now be questioned that E. B. Wilcox, special prosecuting attorney, was the authorized representative of the Attorney General. Being such authorized representative, there was nothing in the law which prevented him from signing the information in question.

The same result will follow from more general considerations.

The Foraker Act, in section 21, provides that:

"The Attorney General shall have all the powers and discharge all the duties provided by law for an attorney of a Territory of the United States in so far as the same are not locally inapplicable."

Section 18 provides:

"* * * That the members of the Executive Council shall have power to employ all necessary deputies and assistants for the proper discharge of their duties as such officials."

The Attorney General must necessarily have the power to be represented by other persons, unless there is some absolute exclusion in the law, which we do not find.

We are moreover of the opinion that sections 145 and 146, and section 83 of the Code of Criminal Procedure will prevent the appellants from raising the question of the manner in which the information was signed at this time. Sections 145 and 146 preclude the defendants from now objecting that the information was not subscribed and sworn to by the prosecuting attorney. An information is no less lacking in being subscribed and sworn to by another person than if the prosecution were being conducted by a *fiscal* of a district and he himself failed to affix his signature.

In no case should we regard the matter complained of as a fundamental error. The parties knew what they were charged with and raised no objection below as to the manner in which the information was filed. They had a full hearing, and it must be a very peculiar kind of case which would require this court to reverse a judgment where the parties have been properly notified of the crime with which they were charged. They had every opportunity to prepare their defense, and had a full and impartial hearing. For these reasons the judgment must be affirmed with costs.

*Affirmed.*

Chief Justice Quiñones and Justices Hernandez, Figueras and MacLeary concurred.